Not Intended for Print Publication

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ABINGDON DIVISION

| | |
|---|---|
| **BOB STOUT**, | ) |
| Plaintiff, | ) Case No. 1:04CV00087 |
| v. | ) **OPINION** |
| **ROBERT COLE LIGHTBURN**, | ) By: James P. Jones |
| | ) Chief United States District Judge |
| Defendant. | ) |

*Daniel R. Bieger, Copeland & Bieger PC, Abingdon, Virginia, for Plaintiff; Marshall M. Slayton, Boyle, Bain, Reback & Slayton, Charlottesville, Virginia, for Defendant.*

In this diversity action involving a sales commission, the plaintiff has moved for voluntary dismissal of his case. The defendant objects to dismissal without prejudice. Because the defendant will suffer no legal prejudice as a result of dismissal, I will grant the plaintiff's motion.

When a plaintiff moves to dismiss a case after a defendant has filed an answer, as is the case here, permission of the court is required. Fed. R. Civ. P. 41(a)(2). Permission should be freely granted absent "plain legal prejudice to the defendant." *Ellett Bros., Inc. v. U.S. Fid. & Guar. Co.*, 275 F.3d 384, 388 (4th Cir. 2001) (citing *Andes v. Versant Corp.*, 788 F.2d 1033, 1036 (4th Cir. 1986)).

The plaintiff claimed that he was entitled to a commission from the sale of land pursuant to a contract between the defendant and The Mellon Anderson Group, LLC ("Mellon"). In discovery, the plaintiff learned that the contract had been terminated when the defendant and Mellon were unable to agree on the terms of the sale. Accordingly, the plaintiff filed this motion, requesting that dismissal be without prejudice so that he may file his claim again should the defendant and Mellon consummate their contract and fail to pay his commission in the future.

The defendant objects to the dismissal of this suit without prejudice. In support of his objection, he provides the court with two letters presumably from Mellon representatives. The authors of these letters blame the plaintiff, in part, for their decision to terminate the contract with the defendant. The court can infer from these letters two possible arguments why the defendant might suffer prejudice as a result of dismissal: first, that the plaintiff's behavior makes another lawsuit likely; and second, that the defendant should prevail on the merits of the claim.

To the extent the defendant is arguing that he will be prejudiced by the prospect of a second lawsuit, his argument is rejected. The threat of future litigation does not constitute prejudice or hardship sufficient to justify refusing a plaintiff's request for voluntary dismissal without prejudice. *See Davis v. USX Corp.*, 819 F.2d 1270, 1274-

75 (4th Cir. 1987); 9 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2364 n.17 (2d ed. 1995 & Supp. 2005) (discussing additional cases).

To the extent the defendant is arguing that dismissal should be with prejudice because he would have prevailed on the merits of the claim anyway, his argument is also rejected. A dismissal with prejudice has "drastic consequence[s]." *Choice Hotels Int'l, Inc. v. Goodwin & Boone*, 11 F.3d 469, 471 (4th Cir. 1993). It "operates as a rejection of the plaintiff's claims on the merits and res judicata precludes further litigation." *Jaramillo v. Burkhart*, 59 F.3d 78, 79 (8th Cir. 1995). For this reason, when a plaintiff has requested dismissal without prejudice, I must first give the plaintiff an opportunity to withdraw the request and proceed with litigation before deciding to dismiss the claim with prejudice. *Choice Hotels*, 11 F.3d at 471 n.1 (citing *Andes*, 788 F.2d at 1037).

In this case, however, the plaintiff's claim is not ripe for adjudication. The issue is whether the plaintiff would be entitled to a commission if and when the Mellon contract is executed. At this time, there has been no injury, and determination of the plaintiff's claim would be premature. Furthermore, the plaintiff has moved for dismissal at an early stage of the litigation, and the reasons for the plaintiff's dismissal are well-intended. The defendant will suffer no harm as a result of dismissal, other than the mere delay of some possible future lawsuit.

Accordingly, the plaintiff's motion for voluntary dismissal will be granted without prejudice. An appropriate order will be entered.

DATED: June 3, 2005

 /s/ JAMES P. JONES
Chief United States District Judge